PAUL COHEN, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.*

Supreme Court, Appellate Term, Second Department, December, 1931.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below. The plaintiff sues on a check made by the defendant, the payee of which concededly did not exist. The check was one of a number issued on policies where fraudulent claims were made by some of defendant's agents, among whom was one Peterson. It was stipulated that the latter forged the name of the alleged payee. Under such circumstances, the plaintiff could not recover on the check even though it was conceded that he had no knowledge of the forgery and paid value, unless he

---

* Revd., 238 App. Div. 789.

established negligence on the part of the defendant in the issuance of the check, or a ratification of the acts of Peterson by the defendant, or other acts of defendant which estopped it from asserting the forgery against the plaintiff. The court below proceeded on the theory that there had been ratification, relying on the following cases: *Ramsay* v. *Miller* (202 N. Y. 72); *Davenport* v. *Walker* (132 App. Div. 96) and *Mulligan* v. *Amo* (211 id. 498). But in the case of *Ramsay* v. *Miller* (*supra*) it is stated there can be no ratification properly unless at the time of the original transaction the alleged agent claimed to act for the principal. Here, when the indorsement was forged, there was no such claim by Peterson. The act of indorsement was not an act that defendant legally could have performed. Immediately upon learning that there was forgery defendant caused its bank to give notice to plaintiff's bank, and the latter withdrew the credit given to plaintiff for the check, and the defendant received credit again for the amount thereof from its bank. This was an unequivocal election by the defendant to treat the check as invalid. Ordinarily, when the plaintiff's bank gave him credit for the check, that would have amounted to payment. (*Baldwin's Bank of Penn Yan* v. *Smith*, 215 N. Y. 76, 90, 91.)

But the defendant did not allege payment. The plaintiff, however, claims that the stipulation as to the action brought by the defendant, subsequent to the arrest of Peterson and subsequent to the time when the credit had been re-established by the defendant's bank, warranted a finding of ratification or an election to hold Peterson. But that stipulation was to the effect that the action for conversion was brought because of the payment by defendant of checks including this one. It was not proved that defendant claimed in that action the payment of this check was to plaintiff. That stipulation also conceded that the moneys and property had been turned over to the defendant because of that action, that judgment had been obtained therein against Peterson. Nothing in the stipulation warrants a finding that the defendant ever recognized any right in Peterson to make the transfer of the check by indorsement thereof. Neither does it appear that in any way the defendant sought to get from Peterson any money that the plaintiff may have paid over on account of the check. The suit was consistent with the attitude which the defendant had maintained. It did not waive any tort committed by Peterson. It sued him for conversion, claiming he had converted the moneys paid by it. It may be defendant, in fact, had no cause of action against Peterson on this check. But, when it sued him, it had already as to plaintiff taken its position that the check was worthless. It had also caused Peterson's arrest. Nothing shows that defendant, by instituting the conversion action,

considered lawful conduct which it had theretofore insisted was unlawful. No estoppel was established by this record, since no act of the plaintiff was induced by any representation of the defendant. Neither can the defendant be found to have been negligent in the issuance of the check. Nothing was proved to show that prior to this transaction the defendant had notice or knowledge of any facts which would lead it to believe that Peterson was forging checks. The delivery by him unauthorizedly of checks payable to beneficiaries, in the absence of proof that the defendant had knowledge or notice that such checks were fraudulently indorsed by him, did not establish negligence.