PAUL COHEN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Order of the Appellate Term reversing judgment of the Municipal Court and dismissing complaint, and the judgment entered thereon, reversed on the law and the facts, with costs, and judgment reinstated. The institution of the conversion action of the defendant against its agent, Peterson, was an election of remedies then available to it, which bars it from now taking the inconsistent present position herein in disaffirmance of Peterson's acts. It then had full knowledge that Peterson, its agent who had authority to present claims and procure

the issuance of checks therefor, had presented a fraudulent claim and proofs and had thus procured the issuance of its check. It intrusted this check to Peterson with the result that plaintiff, in good faith and without notice of its infirmities, parted with his money on the strength thereof. The forgery element was a mere incident to the general fraudulent and unauthorized acts of Peterson, which basic acts the defendant ratified when it elected to sue Peterson in conversion for the proceeds growing out of these basic fraudulent acts, including the particular transaction out of which the check referred to herein issued. It may be inferred, as the trial court found, that this election to act in affirmation of Peterson's acts preceded the obtaining of a recredit from the banks by the defendant insurance company, which culminated in a debiting of the plaintiff's account. The recredit obtained perforce the indorsers' guaranties was inconsistent with and was in disaffirmance of Peterson's acts, as to this plaintiff at least, and such a consequence (visiting the burden on Cohen) may not be sustained. The facts referred to are of such a character as to preclude the defendant from setting up forgery or want of authority under section 42 of the Negotiable Instruments Law. This view of the proof adequately sustains the inferences drawn by the trial court, and its determination, in accord with the actual sequence of events, that a ratification of Peterson's basic fraudulent acts had occurred which precluded the defendant from taking a position inconsistent therewith in resisting plaintiff's action " for the proceeds " of a check made by the defendant, which action, in its essence, is for money had and received and is to be governed by equitable principles. These require (1) that the burden of Peterson's wrongdoing, under the circumstances herein, should not rest on the plaintiff, Cohen; (2) that defendant be not permitted to elect, in affirmance of its agent Peterson's acts, to make itself whole out of Peterson, and then, by a later act of its own in disaffirmance of Peterson's acts, be permitted to hold moneys it got from an innocent third party after it elected to seek, with full knowledge of the facts, from its own agent in a conversion action, " the proceeds " of the agent's acts of fraud. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur. [146 Misc. 890.]